IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CV-106-FL

| | |
|---|---|
| HARRIE PEARSALL and EDITH PEARSALL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     ORDER<br>) |
| SELECT PORTFOLIO SERVICING, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

This matter comes before the court on defendant's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 11). Plaintiffs responded, and the issues raised are ripe for ruling. For the reasons set forth more specifically herein, the court grants defendant's motion.

### BACKGROUND

Plaintiffs commenced this action on April 9, 2015, in the Superior Court of Pender County, North Carolina, seeking damages and injunctive relief, on the basis that defendant failed to proceed with a loan modification prior to entering into foreclosure proceedings against plaintiffs' property. Plaintiffs assert claims based upon breach of contract and promissory estoppel. Plaintiffs also suggest that defendant's conduct constitutes fraud and unfair and deceptive trade practices. Defendant removed to this court on the basis of diversity jurisdiction and move to dismiss for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiffs entered into a home mortgage transaction on November 7, 2008, comprising a promissory note and deed of trust, in which plaintiffs were the borrowers and Suntrust Mortgage, Inc., was the lender. (See Compl. Ex. (DE 1-1 at 12-22)). Under the terms of the note, plaintiffs agreed to pay principal sum of $185,136.00, with interest at the rate of 5.5% per year, maturing in 30 years. (Id.) The mortgage loan was secured through a deed of trust on plaintiffs' property at 16864 NC Highway 210, Rocky Point, NC 28547. (Id.). The deed of trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the deed of trust and as "nominee for Lender and Lender's successors and assigns." (DE 1-1 at 12).

In 2014, plaintiffs fell behind in payments due under the terms of the note. (Compl. ¶8). Defendant, who has serviced the loan on behalf of the lender, provided notice of default and election to sell under the deed of trust to plaintiffs. (Compl. ¶¶ 5, 8). Plaintiffs made requests to defendant that they explore options for plaintiffs to modify their loan and avoid foreclosure. (Compl. ¶¶ 9, 11-12).

In particular, on August 11, 2014, and September 24, 2014, plaintiffs mailed loan modification packages to defendant, and defendant informed plaintiffs that it was under review. (Compl. ¶10). An employee of defendant told plaintiffs that defendant "needed additional proof of new income information added to file" and that the file was "qualified for . . . a loan modification." (Compl. ¶11). Plaintiffs delivered that information to defendant on September 26, 2014. (Id.).

After that point, defendants stated that they had not received the required information, but plaintiffs "continually received multiple status reports and contradicting information on their

2

property giving information that [plaintiffs] believed that [their] property would be modified." (Compl. ¶12). "One representative name[d] John Walters declared to Plaintiffs[] that the property qualified for the modification program," in which "the balance would be added to the principle on back of the loan." (Compl. ¶12).

Defendant nonetheless has continued to proceed with foreclosure on plaintiffs' property. (Compl. ¶¶ 9, 27).

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

3

In evaluating the complaint, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted). Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

B.  Analysis

1.  Breach of Contract

Under North Carolina law, the "elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Crosby v. City of Gastonia, 635 F.3d 634, 645 (4th Cir. 2011) (quotations omitted). "[I]n order for a contract to be enforceable it must be supported by consideration. A mere promise, without more, is unenforceable." Investment Properties of Asheville, Inc. v. Norburn, 281 N.C. 191, 195 (1972). "[C]onsideration may present

4

itself in any of numerous different shapes or guises, but in some form or other it must be present – there must be either some advantage, or presumed or assumed advantage, accruing to party who yields his claim, or some detriment to the other party." Bizzell v. Bizzell, 247 N.C. 590, 603 (1958).

In addition, in order for parties to enter into a contract, "[t]he offer must be communicated, must be complete, and must be accepted in its exact terms." Yeager v. Dobbins, 252 N.C. 824, 828 (1960). "If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement." Boyce v. McMahan, 285 N.C. 730, 734 (1974) (internal quotations omitted). "[A] contract must be sufficiently definite in order that a court may enforce it." Brooks v. Hackney, 329 N.C. 166, 170 (1991). Accordingly, "a contract, or offer to contract, leaving material portions open for future agreement is nugatory and void for indefiniteness." Boyce, 285 N.C. at 734.

In addition to setting forth its terms with the requisite level of certainty, to be enforceable a contract must contain an expression of mutual assent. See Chappell v. Roth, 353 N.C. 690, 692 (2001). "To constitute a valid contract, the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms." Boyce, 285 N.C. at 734; see Horton v. Humble Oil & Refining Co., 255 N.C. 675, 679 (1961) ("[I]t is necessary that the minds of the parties meet upon a definite proposition. There is no contract unless the parties thereto assent, and they must assent to the same thing, in the same sense.").

Plaintiffs fail to state a claim for breach of contract under the facts alleged. As an initial matter, the note and deed of trust do not obligate defendant to proceed with a modification of the loan. To the contrary, the deed of trust, allows the lender or its successors or assigns to require immediate payment in full upon default, and to proceed with foreclosure. (DE 1-1 at 2, 5-6).

5

Moreover, the deed of trust states that any "forebearance by Lender in exercising any right of remedy shall not be a waiver or preclude the exercise of any right or remedy." (Id. at 5). Thus, exploring loan modification options with plaintiffs does not preclude defendant from proceeding with foreclosure under the terms of the deed of trust.

Plaintiffs suggest that, apart from the deed of trust, defendant entered into a contract with plaintiffs to modify their loan and breached such contract. Plaintiffs' conclusory suggestion of such a contract and its breach, however, is lacking support in the facts of the complaint in key respects. First, plaintiffs fail to allege a meeting of minds on the terms of such modification, "sufficiently definite in order that a court may enforce it." Brooks, 329 N.C. at 170. Indeed plaintiffs allege inconsistent and contradictory messages from various representatives of defendants, belying any suggestion that even defendant had settled on terms acceptable to it. (See Compl. ¶11, 12). Second, plaintiffs fail to allege any consideration for such modification. Plaintiffs suggest that defendant promised to modify their loan, but such a unilateral promise without consideration is not enforceable. See Norburn, 281 N.C. at 195. A mere promise or offer to contract, without the contract itself, is not enforceable. See Boyce, 285 N.C. at 734.

In sum, plaintiffs have failed to allege facts plausibly supporting a breach of contract claim. Therefore, plaintiffs' breach of contract claim must be dismissed without prejudice.

2.  Promissory Estoppel

Plaintiffs' claimed premised upon promissory estoppel is not cognizable under North Carolina law. See Home Electric Co. v. Hall & Underdown Heating & Air Cond. Co., 86 N.C.App. 540, 543 (1987); see also Melvin v. Principi, No. 5:03-CV-968-FL(3), 2004 WL 3769429, at *10 (E.D.N.C. Dec. 2, 2004) (dismissing promissory estoppel claim as not cognizable under North

Carolina law) aff'd, 141 F. App'x 194 (4th Cir. 2005) Dealers Supply Co. v. Cheil Indus., Inc., 348 F. Supp. 2d 579, 587 (M.D.N.C. 2004) (same). Therefore, this claim must be dismissed with prejudice.

      3.      Tort Claims

Although not asserted explicitly in the complaint, plaintiffs suggest in response to the motion to dismiss that the complaint alleges facts supporting tort claims, such as fraud or unfair and deceptive trade practices. However, where the claims raised presume the "existence of an agreement, the terms contained in an agreement, and the interpretation of an agreement," these issues raised must be relegated to the arena of contract law, and are not appropriate for resolution under such tort principles. See Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998); see also Strum v. Exxon Co., U.S.A., 15 F.3d 327, 333 (4th Cir. 1994) ("We think it unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations.").

In addition, a party must allege "substantial aggravating circumstances" to support a claim for unfair and deceptive business practices. Broussard, 155 F.3d at 347 (citations omitted); see Ellis v. Louisiana-Pac. Corp., 699 F.3d 778, 787 (4th Cir. 2012) ("Egregious or aggravating circumstances must be alleged before the provisions of the [UDTPA] may take effect.") (citation omitted). While plaintiffs allege delays and requests for information that frustrated the loan modification process, such conduct does not include egregious or aggravating circumstances that would bring these allegations into the realm of unfair or deceptive trade practices. Cf. Big Red, LLC v. Davines S.P.A., 31 F. App'x 216, 225 (4th Cir. 2002) (holding that manufacturer did not engage

7

in sufficiently egregious conduct to trigger unfair trade practices statute when it did not finalize alleged oral agreement, and instead entered into written agreement with another distributor); see also Curtis B. Pearson Music Co. v. Everitt, 368 F. App'x 450, 456 (4th Cir. 2010) ("Misunderstandings, despite their capacity to deceive, ordinarily are insufficient to sustain a claim of deceptive conduct under the UDTPA." ); Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535–36 (4th Cir.1989) (finding that substantial aggravating circumstances did not exist where plaintiff's employer allegedly breached an oral agreement by "deceiv[ing]" him about the status of his distributorship, as that claim was "at most, [a] simple breach[ ] of contract").

In addition, plaintiffs have failed to allege facts to establish basic elements of fraud. In order to state a claim for fraud under North Carolina law, a plaintiff must plead with particularity facts showing (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. Forbis v. Neal, 361 N.C. 519, 526-27 (2007). Here, the alleged false representations suggested by plaintiffs in the complaint are representations about future conduct and are thus unactionable as a matter of law. See Gadsden v. Johnson, 261 N.C. 743, 747 (1964). Plaintiffs also have failed to allege facts permitting an inference of reasonable reliance or damages therefrom, where the note and deed of trust impose payment obligations on plaintiffs absent a successful modification thereto.

Plaintiffs also suggest that defendant had a duty to plaintiffs derived by federal or state law to modify their loan, or to further pursue modification, prior to proceeding with foreclosure. Plaintiffs suggest, for example, that the "HAMP federal programs" imposed such duty, suggesting rights arising from the Home Affordable Modification Program, a United States Department of

8

Treasury Program created under the Emergency Economic Stabilization Act of 2008, 12 U.S.C. §§ 5201-5261. That program and its implementing statutes, however, does not create a private right of action or obligations enforceable by a private plaintiff in civil suit against a loan servicing defendant as here. See Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 775 (4th Cir. 2013).

Plaintiffs also suggest that this court has equitable powers to ensure that a loan servicing defendant exercise good faith, particularly in oversight of settlement conferences. But, such equitable powers, according to the cases and authorities cited by plaintiffs, may be applicable during the course of state foreclosure proceedings and settlements related thereto. The instant case is not a state foreclosure proceeding, and Younger abstention principles bar this court from interfering in equity in the manner plaintiffs suggest in ongoing state foreclosure proceedings. See Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975); Harper v. Pub. Serv. Comm'n of W. Va., 396 F.3d 348, 352 (4th Cir.2005).

In sum, plaintiffs' tort claims must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons explained above, defendant's motions to dismiss (DE 11) is GRANTED, and plaintiffs' claims are DISMISSED for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of December, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

9

Case 7:15-cv-00106-FL   Document 17   Filed 12/17/15   Page 9 of 9